

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| PAVELLE MICHELLE LEE,<br>　　　　　Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br>*Commissioner of Social Security*<br>*Administration,*<br>　　　　　Defendant. | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 1:19-2013-MGL-SVH<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
REVERSING DEFENDANT'S DECISION TO DENY BENEFITS,
AND REMANDING THE MATTER FOR FURTHER CONSIDERATION**

　　　　This is a Social Security appeal in which Plaintiff Pavelle Michelle Lee (Lee) seeks judicial review of the final decision of Defendant Andrew Saul (Saul) denying her claim for disability insurance benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Saul's decision be reversed and this matter be remanded to him for further consideration as per sentence four of 42 U.S.C. § 405(g). The Magistrate Judge filed the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

　　　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 11, 2020.  Saul filed his objection, and Lee filed her reply to the objection, on May 26, 2020.  The Court has reviewed Saul's objection, but holds it to be without merit.  It will therefore enter judgment accordingly.

On October 25, 2012, Lee filed her application for DIB.  She contended her disability commenced on October 1, 2011.  Saul denied Lee's application initially and upon reconsideration.  Lee then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on November 19, 2014.  At the hearing, Lee amended her alleged onset date to February 1, 2013.

On January 6, 2015, the ALJ issued a decision holding Lee was not disabled.  The Appeals Council denied Lee's request for review of the ALJ's decision.  Lee then filed an action for judicial review with this Court.  The Court subsequently reversed Saul's decision and remanded the matter to him for further consideration.

Lee had a second hearing with the ALJ on February 14, 2018.  On May 1, 2018, the ALJ issued another decision holding Lee was not disabled.  The Appeals Council again denied Lee's request for review of the ALJ's decision.  Lee then filed this action for judicial review with the Court on July 18, 2019.

For purposes of determining whether one is entitled to disability benefits, the term "disability" is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Lee*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the

province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

The Magistrate Judge offered the following explanation for why she concluded the Court should reverse Saul's decision denying benefits and remand the matter to him for further consideration:

> Although the ALJ cited multiple reasons for finding [Lee's] mental impairments were not as severe as she alleged or disabling, she failed to explain how the [residual functional capacity (RFC)] assessment accommodated [Lee's] moderate limitation in interacting with others. "[T]he ALJ must both identify evidence that supports [her] conclusion and 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citing *Monroe v. Colvin*, 826 F.3d 176, 189) (4th

4

> Cir. 2016)). In other words, the ALJ was not only required to give reasons for rejecting [Lee's] allegations, but to explain how the restrictions she included in the RFC assessment accommodated those limitations that were supported by the record.
>
> To assess a claimant's ability to interact with others, the ALJ must consider her "abilities to relate to and work with supervisors, co-workers, and the public." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(E)(2). . . . The record reflects that Drs. Weston and Browning diagnosed agoraphobia. [Agoraphobia is a type of anxiety disorder in which you fear and avoid places or situations that might cause you to panic and make you feel trapped, helpless or embarrassed]. *See, e.g.*, Tr. at 325, 794, 796, 802, 812, 822–23. . . .
>
> The ALJ included in the RFC assessment a restriction for "occasional interaction with the public" to presumably account for the moderate degree of limitation she found in [Lee's] ability to interact with others. Tr. at 405. Thus, she did not entirely discredit [Lee's] allegations of difficulty interacting with others.
>
> Nevertheless, the ALJ did not comply with the requirements in SSR 96-8p to the extent that she failed to include a narrative discussion describing how all the relevant evidence supported a finding that [Lee's] moderate limitation in interacting with others was accommodated by the restriction to occasional interaction with the public. Because a claimant's ability to interact with others addresses not only her ability to interact with the public, but also her ability to interact with coworkers and supervisors, the ALJ erred in declining to address this element of Plaintiff's functioning. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(E)(2); *see also Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004) ("Although this RFC requires that [the claimant] have limited contact with the public and coworkers, it says nothing of limiting contact with supervisors[.]").

Report 54-55.

Saul raises just one objection to the Report. According to Saul, the Magistrate Judge erred in advising the Court to remand this matter inasmuch as "[r]emand for further evaluation of [Lee's] ability to interact with co-workers and supervisors is futile where substantial evidence supports the ALJ's overall assessment of her mental impairment." Saul further states that, "[a]lthough the

5

Magistrate Judge [suggested] that remand is required for the ALJ to further explain why [Lee's] interaction with supervisors and coworkers was not limited, we respectfully disagree, as a full reading of the ALJ's decision provides a reasonable rationale for her denial." Objection at 2.

The Court need not linger here long. Having made a careful de novo review of the record, it agrees with the Magistrate Judge that reversal and remand is appropriate for the reasons she provided.

The Court notes that a review of its Social Security decisions will readily show it has often affirmed Saul's decision to deny benefits when the ALJ has "buil[t] an accurate and logical bridge from the evidence to [her] conclusion[,] *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), such that the Court was able to follow the ALJ's rational. *See, e.g.*, *Donaldson v. Saul,* Civil Action No. 5:18-0853-MGL, 2019 WL 4051688, at *2 (D.S.C. 2019) (concluding there was "an accurate and logical bridge from the evidence to [the ALJ's] conclusion" to deny benefits), *Knight v. Berryhill*, Civil Action No. 0:17-1896-MGL, 2018 WL 3722287, at *4 (D.S.C. 2018) ("Although the ALJ could have written more, she provides "an accurate and logical bridge from the evidence to her conclusion such that the Court is able to provide meaningful review and determine her decision [to deny benefits] is supported by substantial error and free from reversible legal error.").

Here, however, "[g]iven the depth and ambivalence of the . . . record, the ALJ's failure to adequately explain [her] reasoning precludes this Court . . . from undertaking a meaningful review of" her decision to deny benefits. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). Accordingly, the Court will overrule Saul's objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Saul's objection, adopts the Report, and incorporates it herein.

Therefore, it is the judgment of the Court Saul's decision is **REVERSED** and this matter is **REMANDED** to him for further consideration as per sentence four of 42 U.S.C. § 405(g).

    **IT IS SO ORDERED**.

Signed this 30th day of September, 2020, in Columbia, South Carolina.

                                                  /s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE